Peter E. Perkowski
PERKOWSKI LEGAL, PC
515 S. Flower Street, Suite 1800
Los Angeles, CA 90071
T: (213) 340-5796

Counsel for Plaintiff NY BLACK AND
GOLD CORPORATION

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x
                                     :
NY BLACK AND GOLD CORPORATION,       :   No. 1:22-cv-00570
                                     :
            Plaintiff,               :   **COMPLAINT FOR COPYRIGHT**
                                     :   **INFRINGEMENT**
     v.                              :
                                     :
WEWORK MANAGEMENT LLC,               :
                                     :
            Defendant.               :   **JURY TRIAL DEMANDED**
                                     :
                                     :
------------------------------------ x

Plaintiff NY Black and Gold Corporation, for its complaint against Defendant WeWork Management LLC, alleges as follows:

1. This is an action for copyright infringement involving Defendant's unauthorized reproduction and public display of Plaintiff's copyrighted photograph.

## PARTIES

2. Plaintiff NY Black and Gold Corporation ("Black+Gold") is a commercial photography and social media agency organized and existing under the laws of the State of California with its principal place of business in Los Angeles, California.

1

3. Black+Gold is the successor-in-interest, by merger, to Black+Gold Corporation, an entity that was previously organized and existing under the laws of the State of New York. Black+Gold is doing business as Black+Gold Corporation.

4. Black+Gold specializes in creating high quality photographs for its clients combined with innovative social media marketing strategies.

5. On information and belief, Defendant WeWork Management LLC ("WeWork") is a limited liability company organized and existing under the laws of the State of New York.

6. On information and belief, as to the liability for the claims asserted in this action, WeWork is the successor-in-interest of WeWork Companies, Inc., which at the time of the events alleged below owned, operated, and/or was responsible for the content on the website accessible at the URL www.wework.com and all the pages at that domain (the "Website").

## JURISDICTION AND VENUE

7. This is an action for copyright infringement arising under the Copyright Act, 17 U.S.C. § 101 et seq., and thus the Court has subject-matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 and § 1338(a).

8. WeWork is subject to the personal jurisdiction of this Court because it is a New York company and has its principal place of business in New York, New York, in this judicial district.

9. Venue in this judicial district is proper under 28 U.S.C. 1400(a).

## BACKGROUND FACTS

10. WeWork used Plaintiff's photograph without authorization, permission, license, or justification, as follows:

**A.     The Infringed Work**

11.     Black+Gold is the owner and copyright holder of a photographic image depicting a pair of black Ukies brand boots (the "Photograph"). The boots are shown on the legs of a model wearing a complementary black-and-white dress as if the model were taking a stride through an attractive stone courtyard.

12.     The Photograph was originally created for Black+Gold's client Ukies and provided to Ukies with a license to use and display for commercial and promotional purposes, without the right to sublicense except with the express permission or authorization from Black+Gold.

13.     The Photograph is an original work of authorship fixed in a tangible medium of expression from which it can be perceived, reproduced, displayed, or otherwise communicated, either directly or with the aid of a machine or device.

14.     The Photograph is registered with the United States Copyright Office as Registration No. VA 2-201-678 (eff. Apr. 6, 2020).

**B.     WeWork's Unauthorized Use**

15.     Black+Gold never licensed the Photograph to WeWork, nor did Black+Gold authorize Ukies to sublicense the Photograph to WeWork. Nevertheless, WeWork used the Photograph without authorization or permission to do so.

16.     Specifically, WeWork or its agents copied the Photograph and displayed it on the Website on or about November 29, 2016, for an article entitled "Holiday gift guide: best treat-yourself gifts."

17.     Black+Gold discovered the infringing work containing the Photograph in or about January 2021.

## COUNT I

### Copyright Infringement

18. Black+Gold realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

19. Black+Gold is the author and/or copyright owner of the protected Photograph named above in this Complaint.

20. WeWork has reproduced, displayed, or otherwise copied the Photograph without Black+Gold's authorization or license.

21. The foregoing acts of WeWork infringed upon the exclusive rights granted to copyright owners under 17 U.S.C. § 106 to reproduce and display their works to the public. Such action and conduct constitute copyright infringement in violation of 17 U.S.C.§ 501 et seq.

22. Black+Gold has complied in all respects with 17 U.S.C. §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyrights of the Photograph in accordance with 17 U.S.C. § 408.

23. Black+Gold has suffered damages as a result of defendant's unauthorized use of the Photograph.

24. Black+Gold is entitled to recovery of its actual damages and defendant's profits attributable to the infringement of the Photograph, under 17 U.S.C. § 504.

## COUNT TWO

### Vicarious and/or Contributory Copyright Infringement

25. Black+Gold realleges and incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if fully set forth here.

26. If WeWork is not liable as a direct infringer of the Photograph—because it does not operate the Website and did not post the Photograph itself—it is secondarily liable for the infringement directly committed by contractors, agents, or other infringers presently unknown (the "Direct Infringers").

27. Defendant contributed to, induced, or assisted infringements by the Direct Infringers. Those Direct Infringers infringed while acting under defendant's direction and control and/or using technology, facilities, and support services provided by defendant.

28. Defendant had, or should have had, knowledge of the infringements of the Direct Infringers. Further, the Photograph was published on defendant's website and defendant was, or should have been, aware of that fact. As the owner of the Website, defendant knew or should have known that they did not have licenses to use Photograph.

29. Defendant had the right and ability to supervise the infringing activity that all the Direct Infringers committed because the infringements occurred on its Website.

30. Defendant obtained some financial benefit from the infringement of Black+Gold's rights in the Photograph because defendant has monetized its Website, and because the Photographs were a draw for viewers regardless of the revenue received from any specific use. Accordingly, defendant had an incentive to permit and even encourage infringement by the Direct Infringers.

31. As a direct and proximate result of said acts of secondary infringement, Black+Gold has suffered damages in an amount to be proven at trial.

32. Black+Gold is entitled to actual damages and disgorgement of direct and indirect profits realized by Defendant in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Black+Gold demands judgment against defendant as follows:

A. For a preliminary and permanent injunction against defendant and anyone working in concert with them from further copying, displaying, distributing, selling, or offering to sell the Photograph;

B. For an order requiring defendants to account to plaintiff for their profits and any damages sustained by plaintiff arising from the acts of infringement;

C. As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Photograph used in violation of plaintiff's copyrights—including digital copies or any other means by which they could be used again by defendants without plaintiff's authorization—as well as all related records and documents.

E. For actual damages and all profits derived from the unauthorized use of the Photograph or, only where applicable and at plaintiff's election, statutory damages.

F. For an award of pre-judgment interest as allowed by law;

G. For court costs, expert witness fees, and all other amounts authorized under law.

I. For such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues permitted by law.

Dated: January 21, 2022          PERKOWSKI LEGAL, PC

By:     /s/ Peter Perkowski
          Peter E. Perkowski
515 S. Flower Street, Suite 1800
Los Angeles, CA 90071
Tel: (213) 340-5796

*Counsel for Plaintiff*